CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 23, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Danny Ray Chapman, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:24-cv-00690 |
| Wexford Health Sources | ) |
| and | ) |
| N.P. Crystal Large, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Danny Ray Chapman, an Virginia inmate formerly housed at Haysi Regional Jail and proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against named Defendants, Wexford Health Sources ("Wexford") and Crystal Large, N.P. Chapman complains that he was not tapered off Suboxone after he was charged with pill hoarding. He claims the abrupt cessation of the medication caused him to have a seizure.

## I.   Facts and Procedural History

The complaint alleges that Chapman's rights were violated when "[t]hey just cut me off" of Suboxone rather than tapering the medication gradually as it was stopped. (Compl. at 4 (Dkt. 1).) The named Defendants, Wexford and Large, are mentioned only in the case caption. The complaint's factual allegations do not mention Wexford or even state that Wexford was the medical provider at the institution housing Chapman. The complaint's

factual allegations do not identify any actions or inactions of Large or identify her relationship with Wexford.

Wexford and Large filed a motion to dismiss (Dkt. 16) and a memorandum in support of the motion to dismiss (Dkt. 17), based, in part, upon Chapman's failure to make any factual allegations against them. Chapman failed to respond to the motion to dismiss, which was re-mailed to him at his new facility after he notified the court of his change of address.

## II. Standard of Review

Chapman brings this action *pro se,* so the court liberally construes his pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the court may neither construct a plaintiff's legal arguments for them, *Spanos v. Vick*, 576 F. Supp. 3d 361, 366 (E.D. Va. 2021), nor "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, dismissal is appropriate when the complaint fails to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6).

## III. Analysis

Liability under § 1983 is personal, meaning that a plaintiff must identify the particular actions or inactions of each defendant that led to the claimed harm. *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676

-2-

(2009). Defendants "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Id.* Therefore, Wexford cannot be held liable simply as the employer of staff or as the health-care provider at the institution. Rather, to state a viable § 1983 claim against a corporation, a plaintiff must identify acts of the corporation that caused his alleged harm. Specifically, "a private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).

Chapman failed to make any allegations against Wexford, so he has not met these standards. When there are no specific factual allegations against a defendant, dismissal is warranted. *E.g., Harris v. City of Virginia Beach*, 11 F. Appx. 212, 214–15, 217 (4th Cir. 2001) (upholding dismissal of five defendants because of lack of allegations of personal involvement).

Similarly, Chapman failed to state a plausible claim of entitlement to relief as to Large. Her role is not identified and no specific action or inaction from her is described. The complaint does mention that an unnamed nurse told him his seizure was from "coming off all the meds." (Dkt. 1. at 4.) But even if this court were to assume that the unnamed nurse was Defendant Large, that sole alleged fact would not support a plausible claim under § 1983.

## IV.     Conclusion

Because Chapman failed to make any allegations whatsoever against Defendants Wexford and Large, the complaint fails to state a plausible claim upon which relief could be granted. Accordingly, dismissal of this action is warranted, and the court **GRANTS** the motion to dismiss and **DISMISSES** this action without prejudice, meaning that the dismissal

of this action is not a finding that Chapman could not in the future state a claim against other defendants or the named Defendants. It is merely a ruling that the complaint filed by Chapman in this action fails to state a claim against the named Defendants, so it cannot proceed.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Chapman.

**ENTERED** this 23rd day of April 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE